NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-834-AB |
|---|---|
| Plaintiff, | **STIPULATION TO SET TRIAL DATE AND EXCLUDE TIME** |
| v. | Current Dates: |
| JEFFREY CRAIG YOHAI, | January 25, 2019, 1:30pm SC<br>No trial date set |
| Defendant. | Proposed Dates:<br>February 22, 2019, 1:30pm SC<br>March 19, 2019, Trial |

   Plaintiff United States of America and defendant Jeffrey Craig Yohai ("defendant"), through their counsel of record, hereby stipulate as follows:

   1)   Defendant initially appeared before a judicial officer in the district in which this charge was pending on November 7, 2018. The information in this case was filed on December 4, 2018.  The Speedy Trial Act of 1984, 18 U.S.C. § 3161 et. seq., requires that the trial commence on or before 70 days from the later of the defendants' initial appearance or the filing of the indictment, or February 12, 2019, in this case.  Trial has not yet been set, but a

1

status conference is calendared for January 25, 2019, at 1:30pm. There have been no previous continuances of trial or exclusions of time. Defendant is detained in this case as well as another one, in which he is pending sentencing.

    2) By this stipulation, defendant and the government jointly request that the Court exclude the time from January 24, 2018, when the request for this continuance was made by defendant, to the new trial date, and find the following:

        a) Initial discovery, consisting of a one terabyte hard drive of data seized from defendant, was mailed to defense counsel in November, 2018. An additional DVD of discovery, containing subpoena returns, new interviews, and additional digital device data, was mailed to defense counsel around December 3, 2018. Around January 3, 2019, the government mailed another DVD of the latest witness interviews and subpoena returns, as well as spreadsheets. Defense counsel believes she needs additional time to analyze the initial discovery and discuss it with defendant. The government expects to provide additional discovery including emails from defendant's digital devices.

        b) The parties expect that this case will result in a plea agreement, not a trial, and have engaged in plea negotiations resulting in multiple revisions of the plea agreement. Because the parties have focused on a resolution rather than trial, defense counsel needs additional time to prepare for trial in the event a plea agreement cannot be reached.

        c) Counsel for defendant, in addition to her normal, full workload as the Federal Defender, has the following major time commitments: Counsel is actively preparing for a sexual assault

trial, which is set to begin on February 5, 2019. Counsel is also actively readying the Federal Defender's Office's administration for Phase two of the partial federal government shutdown.

        d)   Counsel for defendant believes that, given the volume of initial discovery, pending discovery, and her work commitments before the proposed new trial date, she could not, despite due diligence, be effective at trial before that date.

        e)   Counsel for defendant has discussed this stipulation with her client, who supports the proposed new trial date and exclusion of time.

        f)   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161 *et*. *seq*., within which trial must commence:

        (i)   The time period from January 24, 2019, through the new trial date is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) because it results from a continuance granted by the Court at defendants' request, on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

The parties agree and stipulate and request that the Court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 24, 2019      Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*Andrew Brown*

ANDREW BROWN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: January 24, 2019

*Hilary Potashner*

HILARY POTASHNER
Federal Public Defender
Attorney for defendant Yohai